UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80353-CV-MARRA/MATTHEWMAN

SILVER CREEK FARMS, LLC,
an Oklahoma limited liability company,

    Plaintiff,

v.

MAGGIE FULLINGTON,

    Defendant.

_____/



FILED by _____ D.C.

SEP 2 9 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AND RENEWED MOTION FOR SANCTIONS WITH INCORPORATED MEMORANDUM OF LAW

**THIS CAUSE** is before the Court upon Plaintiff, Silver Creek Farms' ("Plaintiff"), Motion for Sanctions [DE 60] and Renewed Motion for Sanctions with Incorporated Memorandum of Law [DE 69]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned. *See* DE 17. Defendant, Maggie Fullington ("Defendant") has filed a Response to the Motions [DE 85], and Plaintiff filed a Reply [DE 88]. The Court held hearings on pending discovery matters on June 16, 2017 [DE 66] and June 21, 2017 [DE 72, 73]. The Court has also issued several related discovery orders [DE 68, 70, 75, 90, and 101]. This matter is now ripe for review.

### I.    BACKGROUND & PROCEDURAL HISTORY

#### A. Background

Plaintiff filed the Complaint in this case on March 8, 2016, alleging five causes of action

against Defendant: Count I—Anticipatory Repudiation; Count II—Breach of Contract; Count III—Breach of Settlement Agreement; Count IV—Unjust Enrichment; and Count V—Replevin. *See* DE 1. The contract between the parties was for the sale of a 2000 Hunter breeding stallion, Apiro, for $100,000. [DE 1, ¶¶ 7, 13]. A first Amended Complaint was filed on August 31, 2017 [DE 98], and an Amended Answer was filed on September 14, 2017 [DE 102].

On March 7, 2017, Plaintiff noticed the video deposition of Defendant Maggie Fullington. [DE 34-2]. However, on March 13, 2017, Defendant Fullington's original attorney, David Greene, Esq., moved to withdraw from the case citing irreconcilable differences. [DE 27]. There was no objection by Plaintiff's counsel. The Motion to Withdraw was granted and the Court noted that on or before April 19, 2017, Defendant Fullington had to file a notice with the Court stating whether she planned on representing herself or having an attorney file a notice of appearance on her behalf. [DE 28, p. 1]. The Court stayed the case and extended the pretrial deadlines for thirty days from the date of the Order. [DE 28, p. 2].

Then, on April 20, 2017, Lisa M. Boswell, Esq., filed a Notice of Appearance [DE 29] on behalf of Defendant Fullington. However, on May 18, 2017, Lisa M. Boswell, Esq., filed a Motion to Withdraw representation of Defendant Fullington citing irreconcilable differences. [DE 35]. Plaintiff filed a Motion to Compel Deposition [DE 24] of Defendant Fullington to go forward on June 8, 2017 because Defendant's deposition had already been rescheduled once before and Plaintiff had been attempting to set the deposition since December of 2016. The undersigned set a hearing on the Motion for May 26, 2017, and ordered Defendant Maggie Fullington to personally appear at the hearing along with her counsel. In Plaintiff's Response to the Motion to Withdraw, Plaintiff requested that the Court require Defendant's Fullington's

attorney to represent her until Defendant responded to all outstanding discovery and appeared at her deposition scheduled for June 8, 2017. [DE 41, p. 3]. Defendant Fullington filed a Response in Opposition to Plaintiff's Motion to Compel asserting that Defendant never indicated that she would not attend her deposition. [DE 42, p. 1]. On May 26, 2017, the undersigned held a hearing on the Motion to Compel and Motion to Withdraw. *See* DE 45. Plaintiff's counsel, Defendant's counsel, and Defendant Fullington were all present at the hearing. *Id.* The Court ordered Defendant Fullington to appear at her deposition on June 8, 2017, and held the Motion to Withdraw in abeyance until completion of Defendant's deposition. *Id.* On the same date, the Court issued a written Order [DE 46] explicitly stating its findings at the hearing and again ordering Defendant Fullington to appear at her June 8, 2017 deposition.

Defendant's attorney, Lisa M. Boswell, Esq., then filed a Renewed Motion to Withdraw [DE 50] on June 5, 2017, citing irreconcilable differences and stating that she could not continue to represent Defendant Fullington and remain in compliance with the Rules of Professional Conduct of the Rules Regulating the Florida Bar. [DE 50, p. 1]. The Court scheduled a telephonic hearing on the Renewed Motion to Withdraw for June 6, 2017, and ordered Defendant Fullington to personally appear at the telephonic hearing. The Court held the hearing on June 6, 2017, but Defendant Fullington did not appear for the telephonic hearing. *See* DE 57. Defendant Fullington's attorney advised the Court at the hearing that Defendant did not attend the telephonic hearing because she was kicked by a horse. [DE 53, p. 1]. The Court held an *in camera, ex parte* hearing to speak with Ms. Boswell about her general reasons for withdrawing from the case. [DE 53, pp. 1-2]. The Court then granted Ms. Boswell's Renewed Motion to Withdraw [DE 50] and again ordered Defendant Fullington to appear at her June 8, 2017

3

deposition. [DE 53, p. 2]. After the hearing, the Court issued a written Order [DE 53] explicitly stating its findings as to Defendant Fullington's Renewed Motion to Withdraw. The Court again ordered Defendant Fullington to appear for her June 8, 2017 deposition. *Id.* Further, the Court ordered Lisa M. Boswell, Esq., to inform Defendant Fullington in writing, via email, and orally that she had again been ordered to attend her June 8, 2017 deposition. [DE 53, p. 3]. The Court also ordered Ms. Boswell to email a copy of that Order to Defendant Fullington. *Id.* Defendant Fullington was advised by the Court that if she failed to attend her deposition the Court may impose certain sanctions against her. *Id.* Finally, the Clerk and Plaintiff's counsel were directed to mail a copy of the Order to Defendant Fullington. [DE 53, pp. 3-4].

On June 8, 2017, Defendant Fullington failed to appear for her deposition, prompting Plaintiff to file the pending Motion for Sanctions [DE 60]. Plaintiff contemporaneously filed an Affidavit of Alisa Lask [DE 61] stating that she was contacted by Defendant Fullington to inquire about selling a 50% interest in the stallion Apiro and stating that Ms. Lask could take Apiro to her farm in Texas and elsewhere to ride and compete with Apiro in equestrian competitions when not being used for commercial breeding. Ms. Lask alleged that she declined Defendant Fullington's offer. *Id.* Ms. Lask further stated that Defendant Fullington informed Ms. Lask in that conversation that Defendant Fullington would be relocating to Georgia with all of her horses. *Id.*

On June 9, 2017, the undersigned held a telephonic hearing on Plaintiff's Motion for Hearing for Entry of Prejudgment Writ of Replevin. Defendant Fullington also failed to appear for that telephonic hearing. *See* DE 62. The Court issued a written Order to Show Cause and

Directing Defendant Maggie Fullington to Appear in Court on June 16, 2017 [DE 63]. The Court ordered Defendant Fullington to appear at a hearing on June 16, 2017 at 2:00 p.m. and show cause why certain sanctions should not be entered against her. [DE 63, p. 2]. Further, Defendant Fullington was ordered to not remove the stallion Apiro from Palm Beach County, Florida, or otherwise sell, transfer, or dispose of the stallion Apiro. [DE 63, pp. 2-3]. Plaintiff's counsel was directed to personally serve Defendant Fullington with the Order and the Clerk was directed to mail a copy of the Order to Defendant Fullington. [DE 63, p. 3]. On June 13, 2017, Plaintiff filed a Certificate of Service [DE 64] showing that Defendant Maggie Fullington was personally served with the Order to Show Case and that the process server informed Defendant Fullington of the contents.

The Court held the show cause hearing on June 16, 2017. *See* DE 66. Plaintiff's counsel, Defendant, and Defendant's new counsel, Richard S. Lubliner, Esq., were present at the hearing. *Id.* Defendant Fullington testified at the hearing that she did not appear for the June 6, 2017 telephone hearing, the June 8, 2017 deposition, or the June 9, 2017 telephone hearing because she was hospitalized at St. Mary's Medical Center from June 6, 2017 through June 13, 2017. [DE 68, pp. 1-2]. Defendant Fullington submitted Exhibit A to the Court, which is a note from St. Mary's Medical Center stating that Margaret Fullington was treated at St. Mary's Medical Center from June 6, 2017 to June 13, 2017. [DE 68, p. 2]. Therefore, this Court did not hold Defendant Fullington in contempt of court. *Id.* The Court set a further discovery hearing for June 21, 2017 to discuss a briefing schedule for Defendant Fullington to respond to Plaintiff's pending motions and for Plaintiff to reply to Defendant's responses, and to set a firm deposition date for the deposition of Ms. Fullington. *Id.*

5

Plaintiff filed its Renewed Motion for Sanctions with Incorporated Memorandum of Law [DE 69] on June 19, 2017. On June 21, 2017, the undersigned held a telephonic hearing and Plaintiff's counsel, Defendant Fullington, and Defendant's counsel all appeared. *See* DE 73. On July 27, 2017, Defendant Fullington's attorneys Richard Lubliner, Esq. and Matthew Kish, Esq., sought by stipulation to withdraw from any further representation of Defendant. [DE 89]. On August 1, 2017, the Court permitted the appearance of new counsel, Ronald S. Nisonson, Esq. of Ward Damon, PL for Defendant Fullington. [DE 91]. Mr. Nisonson is Defendant's fourth counsel in this case, and currently represents the Defendant.

### B. **The Motion for Sanctions, Response, and Reply**

Plaintiff filed its Motion for Sanctions on June 8, 2017 [DE 60], requesting that the Court impose sanctions against Defendant pursuant to Federal Rule of Civil Procedure 37(b) and (d) for failing to follow court orders. Plaintiff stated that a "call and email were received by Plaintiff's counsel's office from an unknown person claiming to be Defendant's daughter on June 7, 2017. This individual claimed that Ms. Fullington was kicked by a horse…and stated that Defendant 'will reschedule this deposition when she is well enough to do so.'" [DE 60, p. 3]. According to Plaintiff, it did not receive any details of Defendant's injuries, diagnosis, or prognosis. *Id.* Plaintiff claims that Apiro is at an unknown location and in unknown condition, and that Defendant may have engaged in the spoliation of or transfer of evidence during litigation. [DE 60, p. 4]. Therefore, Plaintiff requests that the Court order Defendant to disclose the whereabouts of Apiro and all frozen and fresh sperm of Apiro; order replevin of Apiro and all of his frozen and fresh sperm to Plaintiff without the necessity of bond by Plaintiff; allow an inspection of Apiro by Plaintiff, her counsel, and a veterinarian of Plaintiff's choosing;

hold Defendant in contempt of court; strike all of Defendant's affirmative defenses and counterclaims

; enter default judgment against Defendant; and order Defendant to "make payment of all of Plaintiff's reasonable attorney's fees and costs attributable to obtaining the possession of Apiro and his frozen and fresh sperm, attributable to obtaining the documents subpoenaed from Defendant, attributable to obtaining Fullington's deposition and for the within motion, as to be establish by affidavit of Plaintiff's counsel." [DE 60, p. 5].

Before Defendant filed a response to Plaintiff's Motion, Plaintiff filed a Renewed Motion for Sanctions with Incorporated Memorandum of Law on June 19, 2017 [DE 69]. According to Plaintiff, Defendant was "stonewalling Plaintiff's discovery efforts again," because she had not yet confirmed a date for her deposition and not yet produced documents responsive to a subpoena. [DE 69, pp. 1-2]. Plaintiff requested the same relief as that explicitly stated in the Motion for Sanctions. [DE 69, pp. 9-10].

Defendant filed an Omnibus Response [DE 85] on July 12, 2017 claiming that Plaintiff "is making much ado about nothing, in an attempt to obtain a tactical advantage in this lawsuit while hiding behind the litigation privilege to defame Ms. Fullington in the business community." [DE 85, p. 1]. According to Defendant, she was unable to sit for her deposition on June 8, 2017 because Defendant was in the trauma unit at St. Mary's Medical Center from June 6-13, 2017, after being kicked in the ribs by a horse. [DE 85, pp. 1-2]. Defendant argues that Plaintiff's bad faith is evidenced by its filing of the Renewed Motion for Sanctions after this Court already set a telephonic hearing on discovery issues and also by the fact that Plaintiff's owner, Summer Stoffel, published a copy of the Renewed Motion for

Sanctions on her Facebook page claiming "this is 'not the first time [Fullington] has done this.'" [DE 85, p. 2]. Defendant also asserts that the underlying basis for the sanctions Motion has been remedied because Defendant has "fully complied with this Court's pending orders, regarding discovery and otherwise." [DE 85, p. 3]. Defendant contends that the Court has already imposed sanctions on Defendant "requiring, among other things, that Fullington continue to care for Apiro, while precluding her from mitigating her costs by breeding the horse, or selling any semen until further order of the Court." *Id.* According to Defendant, further sanctions should not be imposed on her because a court's power to impose sanctions should only be exercised when a party shows willfulness, bad faith, or fault in failing to comply. [DE 85, p. 10]. Finally, Defendant claims that her non-compliance with discovery obligations was limited in scope and did not prejudice Plaintiff in any way. [DE 85, p. 11]. Therefore, Defendant asks that the Court deny both motions for sanctions. [DE 85, pp. 12-13].

Plaintiff filed a Reply [DE 88] on July 21, 2017 stating that it has taken over six months to take Defendant's deposition and even longer for Defendant to produce all of the documents and responses to Plaintiff's discovery requests. [DE 88, p. 1]. According to Plaintiff, this delay has resulted in substantial attorney's fees and costs and a delay of the trial date. *Id.* Plaintiff claims that Defendant is still not in full compliance with the Court's order requiring her to produce all discovery by June 30, 2017 because Defendant has not fully produced her redacted bank statements to Plaintiff. [DE 88, p. 3]. Plaintiff also alleges that it has incurred costs and attorney's fees for bringing a corporate representative to West Palm Beach for deposition and preparing the representative for deposition, which was never cancelled but did not take place. *Id.* Plaintiff argues that the Court's order for Defendant to keep the horse safe and in Palm

Beach County was by agreement of the parties and was not a sanction. [DE 88, p. 4]. Therefore, Plaintiff asks for an award of attorney's fees and costs to Plaintiff "to compensate Plaintiff for Plaintiff's efforts to depose Defendant and obtain the complete responses to discovery." [DE 88, p. 4]. Plaintiff further implies that it has withdrawn its portion of the motions which asks the Court to strike pleadings or defenses. [DE 88, p. 4]. Plaintiff contemporaneously filed with its Reply the affidavits describing the fees and costs sustained by Plaintiff in these matters, which totals $12,204.45. *Id.*

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37 and the inherent jurisdiction of the Court, if a party fails to comply with a discovery order, then the Court may impose the following sanctions: directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Court must also order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantively justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

Additionally, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, the Court must "require the party . . . whose conduct necessitated the motion,

the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Further, under Federal Rule of Civil Procedure 37(d), a court may order sanctions if

(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or
(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). The court may impose any of the same sanctions listed in Rule 37(b)(2)(A)(i)-(vi). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

### III. DISCUSSION

To exercise its inherent power to impose sanctions, a court must find that the party acted in bad faith. *McDonald v. Cooper Tire & Rubber Co.*, 186 Fed. Appx. 930, 931 (11th Cir. 2006); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). The Court has the ability to assess attorney's fees and costs against the client or his attorney, or both, when the client or attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *McDonald*, 186 Fed. Appx. at 931(citation omitted). However, a finding of bad faith is not required under Rule 37(a)(5)(A), Rule 37(b)(2)(C), or Rule 37(d)(3).

In its Motion, Plaintiff requested that the Court sanction Defendant and order Defendant to disclose the whereabouts of Apiro and all frozen and fresh sperm of Apiro; order replevin of Apiro and all of his frozen and fresh sperm to Plaintiff without the necessity of bond by Plaintiff;

10

allow an inspection of Apiro by Plaintiff, her counsel, and a veterinarian of Plaintiff's choosing; hold Defendant in contempt of court; strike all of Defendant's affirmative defenses and counterclaims, enter default judgment against Defendant; and order Defendant to "make payment of all of Plaintiff's reasonable attorney's fees and costs attributable to obtaining the possession of Apiro and his frozen and fresh sperm, attributable to obtaining the documents subpoenaed from Defendant, attributable to obtaining Fullington's deposition and for the within motion, as to be establish by affidavit of Plaintiff's counsel." [DE 60, p. 5]. However, in its Reply, Plaintiff limited its sanction request to an award of attorney's fees and costs to Plaintiff "to compensate Plaintiff for Plaintiff's efforts to depose Defendant and obtain the complete responses to discovery." [DE 88, p. 4].

Although the Court is well aware of the difficult history of this case, Defendant's hospitalization was good cause for her to not appear at her deposition on June 8, 2017. The Court will not order sanctions for Defendant's failure to appear at her deposition on June 8, 2017 as she was hospitalized on that date and unable to attend her deposition. The Court also notes that Defendant's deposition has now been partially taken and partially completed by Plaintiff. [DE 88, ¶6]. However, Defendant's failure to timely respond to Plaintiff's Second Set of Interrogatories, Second Request for Production, and subpoena for documents is quite another matter.

Plaintiff served its Second Request for Production and its Second Set of Interrogatories upon Defendant's prior counsel (Ms. Boswell) on May 4, 2017. [DE 69; DE 69-1, DE 67-2]. Defendant Fullington had until June 5, 2017 to fully respond to those two discovery requests. As of June 19, 2017, Plaintiff's counsel represented that he still had not received responses to those two discovery requests. [DE 69, p. 2]. On June 22, 2017, the Court entered an order requiring

11

Defendant to respond to Plaintiff's outstanding discovery requests on or before June 30, 2017. [DE 75, p. 1-2]. Defendant Fullington did *not* completely produce the documents due by June 30, 2017, nor did she produce them all at her July 3, 2017 deposition [DE 88, pg. 3, ¶ 6]. Due to this fact, the July 3, 2017 deposition of Defendant had to be continued. *Id.* As of July 21, 2017, when Plaintiff filed its Reply, Defendant still had not produced all responsive documents. *Id.*

For whatever reasons, Defendant Fullington has made the discovery process in this case unnecessarily complicated and difficult. She has acted vexatiously and in bad faith in failing to timely and fully respond to the interrogatories, requests for production, and subpoena for documents. She has constantly changed counsel. She has delayed the discovery process. She has not timely and completely produced documents. The Court had to enter an order on June 22, 2017 to require the Defendant to respond to Plaintiff's Second Set of Interrogatories and Second Request for Production. This is not how the discovery process is supposed to proceed.

Therefore, pursuant to Fed. R. Civ. P. 37(a)(5)(A), since Plaintiff's discovery motions have been granted, and pursuant to Fed. R. Civ. P. 37(b)(2)(C), since Defendant did not fully comply with this Court's discovery orders, and pursuant to Fed. R. Civ. P. 37(d)(3), since Defendant did not timely respond to interrogatories and requests for production, Defendant Fullington shall be required to pay Plaintiff's reasonable expenses in making the motions as they relate to compelling interrogatory responses, requests for production responses, and responses to a subpoena for documents, including attorney's fees. Defendant's failure to timely respond to the Plaintiff's Second set of Interrogatories and Second Request for Production, and her failure to produce documents in response to subpoena, were not substantially justified and there are no circumstances which make such an award unjust.

The Court, however, will not impose any other sanctions against Defendant Fullington at this time. However, Defendant is ordered to fully and timely comply with all of her discovery obligations in this case on a going forward basis or face further sanctions and or cost shifting.

## IV. <u>CONCLUSION</u>

In light of the foregoing, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Sanctions [DE 60] is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Renewed Motion for Sanctions with Incorporated Memorandum of Law [DE 69] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's Motion for Sanctions and Plaintiff's Renewed Motion for Sanctions with Incorporated Memorandum of Law are **DENIED** to the extent that Plaintiff seeks sanctions beyond an award of expenses, costs, and attorney's fees.

2. Plaintiff's Motion for Sanctions and Plaintiff's Renewed Motion for Sanctions with Incorporated Memorandum of Law are **GRANTED** to the extent that Plaintiff seeks an award of expenses, costs and attorney's fees for Defendant's failure to respond to interrogatories, requests for production, and subpoena for documents in a complete and timely manner. At DE 88-1, Plaintiff has submitted an Affidavit of Avery S. Chapman, Esq., and at DE 88-2 Plaintiff has submitted an Affidavit of costs. The Court notes that its award of expenses and attorney's fees and costs shall be limited to compensating Plaintiff for its efforts and motions to obtain responses to interrogatories, requests for production, and subpoena for documents. The Court is not awarding expenses for any failure to appear at deposition. The Court makes this observation to assist Defendant in its response to the amount of attorney's fees to be awarded and Plaintiff in its reply.

Defendant Fullington shall have until on or before October 6, 2017 to file a response or objection to the hourly rate claimed by Plaintiff's counsel and the number of hours incurred by counsel which relate to seeking and obtaining Defendant's responses to interrogatories, requests for production, and subpoena for documents, and filing motions and replies to obtain compliance. Thereafter, Plaintiff shall have until on or before October 10, 2017 to file any reply to Defendant's response. The Court will then enter a separate order determining the amount of attorney's fees and costs that shall be paid by Defendant Fullington to Plaintiff.

3. Additionally, in light of the fact that the discovery deadline has been extended until October 20, 2017 [DE 83], the parties are ordered to expeditiously complete all necessary further discovery in this case prior to the discovery cut-off date. If any further discovery disputes arise which the parties' counsel are unable to resolve after good faith, personal conferral, they shall promptly file a motion in accordance with this Court's order setting Discovery Procedure [DE 19] in a timely manner before the discovery cut-off date of October 20, 2017.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of September, 2017.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE