UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80353-CIV-MARRA/MATTHEWMAN

SILVER CREEK FARMS, LLC,
an Oklahoma limited liability
company,

    Plaintiff,
vs.

MAGGIE FULLINGTON,

    Defendant.
_____/

## ORDER AND OPINION DENYING MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff's Response to Affidavit of Stephen Reed, DVM, DACVIM and Motion to Strike ("Motion to Strike") [DE 163]. The Court has carefully considered the motion and response, and is otherwise fully advised in the premises. No reply has been filed.

Plaintiff seeks to have the affidavit of Stephen Reed stricken arguing it is "virtually identical to Dr. Reed's report," and is thus subject to being stricken pursuant to Fed. R. Civ. P. 12(f) as redundant.

Motions to strike are governed by Fed. R. Civ. P. 12(f). That rule authorizes a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *See* Fed. R. Civ. P. 12(f). This authority, however, extends only to "pleadings," consisting of: a complaint, an answer to a complaint, and answer to a counterclaim designated as a counterclaim, an answer to

a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer. See Fed. R. Civ. P. 7(a). Thus, a motion to strike that is directed at filings other than pleadings is improper. *Talisman Capital Alternative Investments Fund, Ltd. v. Mouttet*, 2011 WL 13223528, at *5 (S.D. Fla. 2011); *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003) ("In this circuit, the use of a rule 12(f) motion for the advancement of objections to an affidavit filed in support of a motion is generally considered improper.").

Plaintiff seeks to strike the affidavit of Stephen Reed which is not a pleading. *See* Fed. R. Civ. P. 7(a). Therefore, the Court is without authority to strike this affidavit pursuant to Rule 12(f). *Accord Superior Prod. P'Ship v. Gordon Auto Body Parts Co.*, 2008 WL 2230774, at *1 (S.D. Ohio May, 28, 2008) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." (citation omitted)).

Nonetheless, the Court will construe the motion as an objection to the affidavit. *Jean v. Cavalry SPV I, LLC*, 2016 WL 6661170, at *4 (N.D. Ga. 2016); *Hawk v. Atlanta Peach Movers, Inc.*, No. 1:10-cv-239, 2011 WL 1533024, at *1-2 (N.D. Ga. Apr. 21, 2011) (concluding that motion to strike various documents, including an affidavit, to be inappropriate because the documents were not pleadings, and instead construing motion as a notice of objection); *Lentz v. Hospitality Staffing Solutions, LLC*, No. 1:06-cv-1893, 2008 WL 269607, at *10 (N.D. Ga. Jan. 28, 2008) (it is improper to strike an affidavit attached to a motion for summary judgment because

the proper method is to challenge the admissibility of the evidence in the affidavit) (citation omitted).

Plaintiff's objection is misplaced. As Fullington states, "Fullington readily admits and embraces the fact that Dr. Reed's Report [DE 110] is virtually identical to Dr. Reed's Affidavit. However Dr. Reed's Report was an unsworn statement that could not be considered by this Court at the Motion for Summary Judgment stage pursuant to Rule 56(e) and Fullington was required to file Dr. Reed's Affidavit to bring Dr. Reed's opinion before the Court." DE 177 at 2. For good cause shown, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Response to Affidavit of Stephen Reed, DVM, DACVIM and Motion to Strike [DE 163] is denied.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of February, 2018.

_____
KENNETH A. MARRA
United States District Judge