UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80353-CV-MARRA/MATTHEWMAN

SILVER CREEK FARMS, LLC,
an Oklahoma limited liability company,

    Plaintiff,

v.

MAGGIE FULLINGTON,

    Defendant.

_____/



## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND FOR FINDING OF CONTEMPT AGAINST DEFENDANT MAGGIE FULLINGTON AND INCORPORATED MEMORANDUM OF LAW

**THIS CAUSE** is before the Court upon Plaintiff, Silver Creek Farms' ("Plaintiff"), Motion for Sanctions and for Finding of Contempt Against Defendant Maggie Fullington and Incorporated Memorandum of Law [DE 179]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 192. Defendant, Maggie Fullington ("Defendant") has filed a Response to the Motion [DE 185], and Plaintiff filed a Reply [DE 189]. The matter is now ripe for review.

    **I.**    **BACKGROUND & PROCEDURAL HISTORY**

**A. Background**

Plaintiff filed the Complaint in this case on March 8, 2016, alleging five causes of action against Defendant: Count I—Anticipatory Repudiation; Count II—Breach of Contract; Count III—Breach of Settlement Agreement; Count IV—Unjust Enrichment; and Count V—Replevin.

1

*See* DE 1. The contract between the parties was for the sale of a 2000 Hunter breeding stallion, Apiro, for $100,000. [DE 1, ¶¶ 7, 13]. A first Amended Complaint was filed on August 31, 2017 [DE 98], and an Amended Answer was filed on September 14, 2017 [DE 102].

This litigious case has produced numerous, extensive, costly, and time consuming discovery disputes. The Court has held several discovery hearings in this case and has previously awarded sanctions against Defendant. [DE 108]. The Court has ordered Defendant to "fully and timely comply with all of her discovery obligations in this case on a going forward basis or face further sanctions and or cost shifting." [DE 108, pg. 13]. Plaintiff served its First Requests for Production and First Set of Interrogatories to Defendant on July 26, 2016. [DE 179-1, pg. 2]. On May 4, 2017, Plaintiff served Defendant with its Second Request to Produce and Subpoena *Duces Tecum*. [DE 179-2, 179-3]. Defendant had until June 5, 2017 to fully respond to the Second Request for Production, but did not. As of June 19, 2017, Plaintiff's counsel represented that he still had not received responses to those two discovery requests. [DE 69, p. 2]. On June 22, 2017, the Court entered an order requiring Defendant to respond to Plaintiff's outstanding discovery requests on or before June 30, 2017. [DE 75, p. 1-2]. Defendant Fullington's failure to comply with that Order was the basis for the Court's award of sanctions against Defendant on September 29, 2017. [DE 108]. The discovery deadline has been extended twice, first from May 15, 2017 to July 15, 2017 [DE 33]; and then again to October 20, 2017 [DE 83]. Discovery has now been closed for several months.

### B. The Motion for Sanctions, Response and Reply

Plaintiff filed its Motion for Sanctions on January 11, 2018 [DE 179], requesting that the Court impose sanctions against Defendant pursuant to Federal Rule of Civil Procedure 37(b) and

(c), and Rule 26(e) for allegedly failing to produce three different advertisements in response to Plaintiff's Requests for Production. Plaintiff claims that the advertisements at issue are important because each advertisement directly contradicts Defendant's affirmative defenses that Apiro is genetically deficient and has become "potentially unmanageable and dangerous." [DE 179, pg. 2]. The advertisements at issue include: 1) the listing of Apiro on the webpage of Defendant Fullington's Marabet Farms [Exhibit E]; 2) the listing of Apiro on The Oldenburg Horse Breeder's Society Stallion Directory online [Exhibit F]; and 3) the listing of Apiro on Super Equine Sires, Inc.'s webpage [Exhibit G].

Plaintiff claims that Defendant was requested to produce any and all advertisements and promotions of Apiro on three separate occasions: in Plaintiff's First Request to Produce, Plaintiff's Second Request to Produce and in its Subpoena *Duces Tecum*. [DE 179, pgs. 5-7]. Plaintiff argues that the advertisements at issue are very relevant to the case because they "blatantly contradict the affirmative defenses and counterclaims" which Defendant Fullington has raised. [DE 179, pg. 8]. Defendant has claimed that Apiro produced progeny with Wobbler's Syndrome, however, Marabet Farms' webpage states: "Apiro's offspring are already having success in the hunter and jumper rings. He is producing talented, amateur friendly horses." *Id.*, *See* Exhibit E. Plaintiff also claims that Defendant's profile of Apiro on The Oldenburg Horse Breeders' Society [Exhibit F] contradicts Defendant's claims because the profile states that "Apiro is consistently stamping his offspring with his type and quiet mind as well as improving the gaits." *Id.* The profile lists many of Apiro's successful progeny. [DE 179, pg. 9]. Plaintiff asserts that Defendant's advertisement of Apiro on Superior Equine Sires, Inc.'s website [Exhibit G] also contradicts Fullington's claims and Affirmative Defenses. The advertisement claims that

3

Apiro has a quiet nature, is quiet to ride, and has successful offspring. [DE 179, pg. 10]. Plaintiff argues that Defendant Fullington should be sanctioned for failing to produce these advertisements in response to its multiple discovery requests and in light of the Court's prior discovery orders.

Finally, Plaintiff acknowledges that it did not attempt to confer with Defendant pursuant to Local Rule 7.1(a)(3), but alleges that good cause and justice excuse it from conferral on the instant Motion. Plaintiff argues that it should be excused from conferring with Defendant because 1) the discovery deadline expired two months prior to the filing of this Motion; 2) Defendant ignored two Court orders to fully supply all discovery responses; 3) Defendant never produced any of the three advertisements despite three separate requests for such material; and 4) the trial date is set to commence March 5, 2018.[1]

Defendant filed her Response on January 22, 2018. [DE 185]. Defendant argues that she has resolved all outstanding discovery issues with Plaintiff, and she claims that she explained to Plaintiff during her October 17, 2017 deposition that she "advertised mostly on Facebook" and that the contents of any print and advertising had already been produced. [DE 185, pg. 2]. Defendant argues that she has no control whatsoever over the webpages generated by The Oldenburg Horse Breeders (www.oldenburghorse.net) or by Superior Equine Sires, Inc. (www.superiorequinesires.com). *Id.* Further, Defendant argues that Exhibit E was not a "recently discovered" advertisement, because Defendant had previously disclosed the address to the Marabet Farm webpage to Plaintiff on several different occasions. *Id.* Defendant claims that the parties indeed discussed the website during her own deposition. *Id.*, citing DE 185-2.

---

[1] On February 22, 2018, United States District Judge Kenneth Marra entered an Order continuing trial. [DE 202]. As of the entry of this Order, a new trial date has not yet been set by the Court.

4

Defendant next argues that the Oldenburg Horse Breeders webpage is not an advertisement, but rather information posted about Apiro online. *Id.* Defendant further states that the information on the Breeders' webpage was in fact created by Plaintiff Silver Creek Farms. *Id.* Finally, Defendant argues that Exhibit G was posted on a webpage created and hosted by a third party, so the post and the webpage are not within Defendant Fullington's possession, custody, or control. *Id.* Superior Equine Sires, Inc. had permission from Defendant to list Defendant's other stallions without charge, and Defendant claims she was unaware that they also listed Apiro online. [DE 185, pg. 4].

Defendant argues that Local Rule 7.1(a)(3) requires the movant's counsel to make a reasonable effort to confer with all parties in a good faith effort to resolve the issues raised in the motion. [DE 185, pg. 4]. Defendant asks that the Court dismiss the Motion because Plaintiff failed to comply with Rule 7.1(a)(3) and did not confer with Defendant before filing the Motion. [DE 185, pg. 5]. Defendant maintains that the instant Motion did not satisfy any of the enumerated exceptions to compliance with Local Rule 7.1(a)(3), and therefore, the Motion should be dismissed for failure to confer. [DE 185, pg. 8].

Plaintiff filed its Reply on January 29, 2018. [DE 189]. In reply, Plaintiff rejects Defendant Fullington's argument that she already disclosed Exhibit E by providing the webpage for Marabet Farms to Plaintiff. [DE 189, pg. 2]. Instead, Plaintiff argues that it does not have the obligation to search Defendant's Marabet Farms website for Apiro's posting, but instead that Defendant Fullington has the burden to produce it. [DE 189, pg. 2]. Plaintiff also asserts that Defendant obviously did not perform a diligent search for advertisements of Apiro, especially considering Exhibit F is easily located on Google, and in light of the Court's many discovery

orders. [DE 189, pg. 3]. Plaintiff maintains that the undisclosed advertisements are extremely relevant because they contradict Defendant Fullington's testimony, evidence, claims, and defenses. [DE 189, pg. 4]. Finally, Plaintiff reiterates that because discovery has concluded in this case, there was no need for conferral on the instant Motion. [DE 185, pg. 5].

## II.    LEGAL STANDARD

### a. Local Rule 7.1(a)(3)

Local Rule 7.1(a)(3) requires a movant's counsel to "confer (orally or in writing)" or "make reasonable effort to confer (orally or in writing)" with all parties in a "good faith effort to resolve by agreement the issues to be raised in the motion." The rule also requires other counsel to cooperate and act in good faith in attempting to resolve the dispute. *See Royal Bahamian Association, Inc.*, 744 F. Supp. 2d 1297, 1298 (S.D.Fla. 2010). Failure to confer or to show a good-faith attempt to confer, by itself, constitutes grounds for the motion to be denied. *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp. 2d 1373, 1373 (S.D. Fla. 2013). This rule was intended to encourage parties to cooperate on discovery matters and resolve potential disputes without unnecessarily involving the court. See *Taylor v. Florida Atlantic University*, 132 F.R.D. 304, 305 (S.D.Fla. 1990) (explaining "[i]t is the letter and spirit of the discovery rules of the Federal Rules of Civil Procedure and the Local Rules of this Court that counsel work together on discovery matters. Counsel should be in touch *personally* to resolve discovery disputes and it should be a *rare* occasion when the court is called upon to resolve such disputes.") (emphasis in original). There are several exceptions to this rule: a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss

an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award do not require counsel for the movant to confer or make reasonable attempt to confer.

None of these enumerated exceptions apply to the instant case. Plaintiff's counsel was required by Local Rule 7.1(a)(3) to confer with Defendant and Defendant's counsel in a good faith effort to attempt to resolve the dispute and reduce the time, money, and energy expended in this already litigious and time-consuming discovery process. It is quite possible that had Plaintiff complied with the local rule and made a good faith effort to confer, it could have resolved this issue with Defendant and avoided the necessity of filing its Motion. It appears that Exhibit F is quite outdated and lists the website and contact information of the owner of Apiro as "Hilltop Farm," which appears to be affiliated with Plaintiff Silver Creek Farms. *See* DE 179-6, pg. 2, DE 185-4, pgs. 2-5]. The listing appears to have been created well before the relevant time period referenced in Plaintiff's discovery requests. [DE 179-1, pg. 7, DE 179-2, pg. 7]. Additionally, Defendant Fullington claims that she was unaware of the post listed on www.superiorequinesires.com. [DE 185, pg. 11]. The Court finds that there is no good cause to excuse Plaintiff's decision not to confer with Defendant [DE 179, pg. 12] and Plaintiff is in violation of Local Rule 7.1(a)(3).

Notwithstanding the fact that Plaintiff's failure to comply with the above-stated Local Rules provides the Court sufficient grounds to deny Plaintiff's Motion without analysis, the Court will nevertheless review the substantive bases of the Motion and rule on the merits as well.

### b. Federal Rule of Civil Procedure 37

Under Federal Rule of Civil Procedure 37 and the inherent jurisdiction of the Court, if a party fails to comply with a discovery order, then the Court may impose the following sanctions: directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Court must also order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantively justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

If a party fails to provide information as required by Rule 26(a) or (e), the party is not permitted to use that information to supplement evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). In such a case, the Court may also, in addition to or instead of the above, order the payment of the reasonable expenses, including attorney's fees, caused by the failure; inform the jury of the party's failure; and impose other appropriate sanctions, including any listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(c)(1)(A)-(C).

### III. DISCUSSION

In its Motion, Plaintiff requested that the Court sanction Defendant and: 1) hold

8

Defendant Fullington in contempt for her discovery violations; 2) prohibit Defendant Fullington from introducing the advertisements into evidence and from referring to them in testimony; 3) direct that the designated facts that Plaintiff has alleged regarding Apiro's positive breeding performance and progeny, which are consistent with those promotional statements of Defendant Fullington in the advertisements, be taken as established for the purposes of this litigation; 4) instruct the jury at trial of Defendant Fullington's failure to provide the advertisements; 5) strike Defendant Fullington's affirmative defenses, affidavits, and previous testimony as to any mention of allegations of negative genetic traits and behavioral flaws of Apiro; 6) dismiss Defendant Fullington's counterclaims against Plaintiff; 7) strike or deny Defendant Fullington's Motion for Judgment on the Pleadings, strike or deny her Motions to Strike certain affidavits provided by Plaintiff, and strike or deny her response or reply briefs; 8) award Plaintiff the costs and attorney's fees resulting from Defendant Fullington's failure to comply with this Court's Orders, the costs and fees associated with Plaintiff's discovery requests and motions to compel, the costs and fees incurred by Plaintiff with respect to this Motion, and the costs and fees incurred by Plaintiff in opposing Defendant's motion for Judgment on the Pleadings; and 9) for all other relief that this Court deems just and proper. [DE 179, pg. 3].

The Court is well aware of the difficult history of this case. However, the Court finds that Defendant did not willfully violate the Court's discovery orders nor purposely fail to comply with Plaintiff's multiple discovery requests, at least as it pertains to the three advertisements at issue in the instant Motion. First, it is clear that Defendant Fullington did not hide the post of Apiro on her own webpage, Marabetfarm.com, as Defendant disclosed the website to Plaintiff during the discovery phase. Further, during Defendant's July 3, 2017 deposition, Defendant stated that she

added Apiro to her website. [DE 185-2, pg. 4]. The posting of Apiro on Defendant Fullington's website was, in fact, obtained by Plaintiff. Although it would have been the better practice for Defendant to specifically produce the posting of Apiro on Defendant's website, the Court finds that Defendant Fullington did not intentionally fail to submit Exhibit E to Plaintiff. Further, there is no prejudice to Plaintiff as Plaintiff has the post and may attempt to use it as Plaintiff deems necessary.

Second, the Court finds that Defendant did not fail to provide Exhibit F to Plaintiff. Exhibit F is a listing of Apiro on The Oldenburg Horse Breeder's Society Stallion Directory. [DE 179-6]. It appears to be quite outdated and possibly affiliated with Plaintiff Silver Creek Farms. The listing includes the language, "His first North American born foal crop is 4 years old in 2013, so watch for them in the ring soon." [DE 179-6, pg. 3]. This language suggests that the listing was written in 2013 or earlier, prior to the 2014 sale to Defendant Fullington. This would make the listing outside of the purview of the discovery requests, which asked for advertisements and promotions made by Defendant Fullington after she took possession of him. *See* DE 179-1, pg. 7. In fact, Plaintiff's Second Request for Production specifically requests advertisements or promotion efforts by Defendant Fullington from July 1, 2016 to the present. [DE 179-2, pg. 7]. The Court finds that Defendant Fullington did not fail to produce this listing, which was most likely posted in 2013 or earlier, to Plaintiff because the listing was outside of the purview of the time period of Plaintiff's discovery requests.

Finally, the Court finds that Defendant's failure to provide Exhibit G to Plaintiff was substantially justified and harmless. Defendant claims that she had no knowledge of the listing of Apiro on the website and she claims that she does not pay for the listings of her stallions to appear

10

on the Superior Equine Sires, Inc. website. Although the listing includes Defendant Fullington as the owner of Apiro, the listing is quite short and does not contain significant information about Apiro.

Therefore, the Court finds that, pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 37(c)(1), Defendant did not fail to produce Exhibits E and F, and Defendant's failure to produce Exhibit G was substantially justified and harmless, and sanctions are not appropriate at this time. Moreover, as stated previously, there was a failure to confer by Plaintiff's counsel, in violation of Local Rule 7.1(a)(3). Finally, there is simply no prejudice to Plaintiff as Plaintiff has the referenced documents in its possession and can attempt to use the documents as Plaintiff deems necessary.

## IV. **CONCLUSION**

In light of the foregoing, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Sanctions [DE 179] is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of March, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE